THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. NETTIE M. VANCE, *as Widow, etc.*

**No. 11,950.**    (68 Pac. 606.)

**SYLLABUS BY THE COURT.**

EVIDENCE — *Certificate of Probate Judge — Death of Railway Employee.* Where a widow, as next of kin of a deceased employee of a railway company, sues such company for negligently causing the death of her late husband, and alleges that no administrator upon his estate has been appointed, which averment is denied by the answer of the defendant, a certificate of the probate judge of the county wherein deceased in his lifetime was a resident is not admissible to prove that "no administrator has ever been appointed by said court" or that "there is no record in said court of any administration for or in behalf of deceased."

Error from Butler district court; C. W. SHINN, judge. Opinion filed April 5, 1902. Reversed.

*M. A. Low,* and *W. F. Evans,* for plaintiff in error.

*E. N. Smith,* and *Houston & Brooks,* for defendant in error.

The opinion of the court was delivered by

ELLIS, J.: The plaintiff below alleged that she was the widow and next of kin of George S. Vance, an employee of the defendant railway company, who was killed while coupling cars at Enterprise, in Dickinson county, Kansas. Upon the arrival at that city of the freight-train upon which he was engaged as a brakeman, upon the day of the accident, the conductor placed deceased in charge of the train with directions to do some switching, while he, the conductor, went to the depot to discharge other duties. In carrying out such general directions, deceased gave a signal to the enginemen to give the cars a "little kick," and immediately after doing so went between the cars

while they were moving slowly for the purpose of un-coupling them. This occurred at a street crossing, and just about the time the cars were receiving additional impetus from the "little kick" given by the engineer, deceased gave a signal to stop quickly, and the evidence tended to show that the men in charge of the engine did stop as quickly as possible, but deceased was run over and killed before that was accomplished. One of the shoes of deceased was found firmly caught between a rail and a plank used in constructing the crossing, and we think that the jury had a right to infer from the evidence and circumstances that because the foot of deceased was caught, and held between the rail and plank so that he could not escape, he was run over by the car and killed.

There were several allegations of negligence in the petition, none of which was sustained by the evidence, unless it be the one which charged that the crossing itself was negligently and improperly constructed. There was some evidence in the case tending to support that allegation. The court instructed the jury, in substance, that, that if they found the railway company was negligent in any of the particulars alleged in the plaintiff's petition, and that the deceased was not guilty of negligence, they could find the railway company liable. Such instructions were misleading and ought not to have been given, for the reason that, as above stated, the evidence was not sufficient to sustain any averments of negligence save the one herein specified, and the court should have so advised the jury. Whether such error was sufficiently prejudical to require a reversal of the case we need not decide, because for another reason the judgment of the court below cannot be sustained.

The allegation of plaintiff's petition that no admin-

istrator had been appointed of the estate of George S. Vance, deceased, was traversed by a denial, and became an issuable fact in the case. To prove the fact alleged by her, that letters of administration had not been issued upon the estate of her deceased husband, the plaintiff below offered in evidence the following paper, called a certificate, which was received, over proper objections and exceptions made by the railway company :

*"In the Probate Court of Dickinson County, State of Kansas.*
CERTIFICATE.

"STATE OF KANSAS, DICKINSON COUNTY, ss.

"I, D. F. Erwin, probate judge within and for said county and state, do hereby certify that no administrator has ever been appointed by said court for George S. Vance, deceased, and that there is no record in said court of any administration for or in behalf of said George S. Vance, deceased.

"Witness my hand and seal, at Abilene, Dickinson county, Kansas, this 21st day of March, A. D. 1900.
[SEAL.]      D. F. ERWIN, *Probate Judge.*"

Under paragraph 4820, General Statutes of 1901, copies of papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, may be admitted in evidence when properly certified, but no statute of this state authorizes the admission in evidence of the certificate of any officer which does not purport to be a transcript of a record or copy of some paper or document filed in his office. Such certificate was not evidence tending to show that letters of administration had not been issued, and such negative fact could only be proved by the oath of some qualified witness. There was evidence tending to show that at the time of his decease George S. Vance had sixty dollars owing to him by the railway com-

pany, which was subsequently paid to the widow. The circumstances of payment are not given, and nothing is shown which could be construed into an estoppel on the part of the railway company to deny her authority to receive it. The fact of such payment nowise relieves the plaintiff from making proper proof of the essential allegations of her petition.

The judgment is reversed and the cause remanded for a new trial.

DOSTER, C.J., SMITH, GREENE, JJ., concurring.